IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40638
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS LOPEZ-RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CR-450-ALL
--------------------
April 13, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Santos Lopez-Ramirez ("Lopez") appeals his sentence following his guilty plea to conspiracy to possess, with the intent to distribute, heroin. Lopez asserts that the district court misapplied U.S.S.G. § 3B1.2(b) by denying him a two-level minor role adjustment on the basis of: (1) a prior drug offense that was not part of the relevant conduct in the instant case and (2) his instant co-conspirator's lack of involvement in the prior drug offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under § 3B1.2(b), based on the defendant's role in the offense, the defendant's offense level should be reduced by two levels if the defendant was a minor participant in the criminal activity. The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of the relevant conduct, and not solely on the basis of elements and acts cited in the count of conviction. U.S.S.G. Ch.3, Pt.B, intro. comment.

In making its § 3B1.2(b) minor role determination, the district court did consider a prior drug offense that was not part of the relevant conduct for Lopez's instant offense. It is clear, however, that the district court considered that prior offense for the purpose of evaluating the credibility of Lopez's assertion that he was merely following his co-conspirator's orders with respect to the instant offense. Moreover, the district court made implicit findings supporting its minor role determination by adopting the presentence report, which had determined that Lopez was not entitled to a minor role adjustment based on his relevant conduct. The district court thus sufficiently articulated a proper factual basis for denying Lopez a minor participant adjustment. See United States v. Gallardo-Trapero, 185 F.3d 307, 324 (5th Cir. 1999), cert. denied, 120 S. Ct. 961 (2000).

The judgment of the district court is AFFIRMED.